UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------- x
                        :

UNITED STATES OF AMERICA        :

                        :     CONSENT PRELIMINARY ORDER OF
                        :     FORFEITURE AS TO SPECIFIC
       -v.-                    :     PROPERTY /MONEY JUDGMENT
                        :
CECILIA MILLAN,               :     S1 20 Cr. 398 (GBD)
                        :
       Defendant.            :
------------------------------- X

       WHEREAS, on August 18, 2020, CECILIA MILLAN (the "Defendant"), among others, was charged two-counts of a three count Superseding Indictment, S1 20 Cr. 398 (GBD) ("the "Indictment"), with conspiracy to commit wire fraud, in violation of Title 18, United States Code, Section 1349 (Count One); and conspiracy to commit money laundering, in violation of Title 18, United States Code, Sections 1956(h) (Count Three);

       WHEREAS, the Indictment included a forfeiture allegation as to Count One of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a) (1)(C) and Title 28, United States Code, Section 2461(c), of any and all property, real or personal, that constitutes or is derived from proceeds traceable to the commission of the offense charged in Count One of the Indictment, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense charged in Count One of the Indictment and, *inter alia*, the following specific property:

1

    a. Any and all funds in account number ending in -0143 held at Latino Community Credit Union in the name of Cecilia D. Millan, and any and all funds traceable thereto ("Millan Account-1");

    b. Any and all funds in account number ending in -3303 held at Latino Community Credit Union in the name of Cecilia D. Millan, and any and all funds traceable thereto ("Millan Account-2");

    c. Any and all funds in account number ending in -9632 held at Latino Community Credit Union in the name of Cecilia D. Millan, and any and all funds traceable thereto ("Millan Account-3");

WHEREAS, on or about August 18, 2020, pursuant to a search warrant, the Government seized $29,402.00 in United States currency from the Defendant's residence at the time of her arrest (the "Seized Currency");

WHEREAS, on or about February 8, 2023, the Defendant pled guilty to Count One of the Indictment, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Count One of the Indictment and agreed to forfeit to the United States, Title 18, United States Code, Section 981(a)(1)(C) and Title 28 United States Code, Section 2461(c): (i) a sum of money equal to $3,241,179 in United States currency, representing the amount of property involved in the commission of the offense charged in Count One of the Indictment, and (ii) all right, title and interest of the Defendant in the following specific property: (1) any and all funds contained in account number 1000258838316 held at SunTrust Bank in the name of "Lady Elite Empire Inc.", (2) any and all funds in account Millan Account-1,

(3) any and all funds in Millan Account-2, (4) any and all funds in Millan Account-3, and (5) the Seized Currency. ((1) through (5), collectively, the "Specific Property");

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $3,241,179.00 in United States currency, representing the property involved in the commission of the offense charged in Count One of the Indictment;

WHEREAS, the Defendant further consents to the forfeiture of all of her right, title, and interest in the Specific Property, as property involved in the offense charged in Count One of the Indictment;

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the property involved in the offense charged in Count One of the Indictment cannot be located upon the exercise of due diligence, with the exception of the Specific Property; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), 32.2(b)(6), and 32.2(c) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property to its possession and to notify any person who reasonably appears to be a potential claimant of their interest therein;

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Damian Williams, United States Attorney, Assistant United States Attorneys Kiersten A. Fletcher, Cecilia E. Vogel, and Samuel Raymond, and the Defendant CECILIA MILLAN, and her counsel, Zachary Taylor, Esq. and Samuel Gregory, Esq., that:

1. As a result of the offense charged in Count One of the Indictment, to which the Defendant pled guilty, a money judgment in the amount of $3,241,179 in United States

currency (the "Money Judgment"), representing the property involved in the offense charged in Count One of the Indictment, shall be entered against the Defendant.

2. As a result of the offense charged in Count One of the Indictment, to which the Defendant pled guilty, all of the Defendant's right, title, and interest in the aforementioned Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

3. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture as to Specific Property /Money Judgment is final as to the Defendant, CECILIA MILLAN, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

4. All payments on the outstanding money judgment shall be made by postal money order, bank or certified check, made payable, in this instance, the United States Customs and Border Protection, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Money Laundering and Transnational Criminal Enterprises Unit, One St. Andrew's Plaza, New York, New York 10007 and shall indicate the Defendant's name and case number.

5. Upon entry of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, and pursuant to Title 21, United States Code, Section 853, United States Customs and Border Protection, or its designee the Office of Fines, Penalties, and Forfeitures shall be authorized to deposit the payment on the Money Judgment in the Treasury Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property

6. Upon entry of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, the United States Customs and Border Protection, or its designee the Office of Fines, Penalties, and Forfeiture, is hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

7. Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days. Any person, other than the Defendant, claiming interest in the Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

8. The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

9. Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

10. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed. All Specific Property forfeited to the United States under a Final Order of Forfeiture shall be applied towards the satisfaction of the Money Judgment.

11. Pursuant to 21 U.S.C. § 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

12. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

13. The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

14. The signature page of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:
DAMIAN WILLIAMS
United States Attorney
Southern District of New York

By: _____  2/8/23
    Kiersten A. Fletcher  DATE
    Cecilia E. Vogel
    Samuel Raymond
    Assistant U.S. Attorneys
    One St. Andrew's Plaza
    New York, New York 10007
    Tel. No. (212) 637-2187/1084/6519

CECILIA MILLAN

By: _____  2/8/23
    CECILIA MILLAN  DATE

By: _____  2/8/23
    Zachary Taylor, Esq.  DATE
    Attorney for Defendant
    Taylor & Cohen LLP
    305 Broadway, 7th Floor
    New York, NY 10007

Samuel Gregory, Esq.
Law Offices of Samuel Gregory, P.C.
16 Court Street, #3500
Brooklyn, NY 11241

SO ORDERED:

_____  FEB 08 2023
HONORABLE GEORGE B. DANIELS  DATE
UNITED STATES DISTRICT JUDGE

7